**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5086**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TOMMY RAY MULLINS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   David A. Faber, Chief District Judge. (CR-04-128)

Submitted: April 15, 2005                   Decided: May 27, 2005

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tommy Ray Mullins, Jr., pled guilty to conspiracy to manufacture methamphetamine and was sentenced to a term of 120 months imprisonment. At the sentencing hearing, Mullins objected to the district court's consideration of certain relevant conduct[*] and his criminal history in determining his sentence, arguing that Blakely v. Washington, 124 S. Ct. 2531 (2004), applied to the federal sentencing guidelines. The district court overruled his objections, relying on United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004), vacated, 125 S. Ct. 1051 (2005). Mullins appeals his sentence, alleging that, in light of the Supreme Court's subsequent decision in Booker v. United States, 125 S. Ct. 738 (2005), his sentence violates the Sixth Amendment and that the district court erred in applying the guidelines as mandatory. He argues that his sentence should be vacated and his case remanded for resentencing in accord with Booker.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the

---

[*]Mullins objected to the recommendation in the presentence report that he was responsible for ninety grams of methamphetamine and that his conduct created a substantial risk of harm to the life of a minor.

Court).  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  Booker, 125 S. Ct. at 756-57 (Breyer, J., opinion of the Court).  The government states in its appellate brief that it does not oppose Mullins' request for resentencing.

We therefore vacate the sentence imposed by the district court and remand for resentencing consistent with Booker.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED